Thomas C Souran
Pro-Se
1500 11th Ave, #46
Union Grove, WI. 53182
972-551-9964
tcs@exchequergroup.com

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2019 OCT -2 P 2: 05
STEPHEN C. DRIES
CLERK

# UNITED STATES FEDERAL COURT

## EASTERN DIVISION

THOMAS C SOURAN,

    Plaintiff,

vs.

AMATO FORD, INC., (A CORPORATION),

JAMMIE LUBAR (AN INDIVIDUAL)

    Defendant

Case No.: **19-C-1444**

**VIOLATION FLSA**

**FRAUDULANT MISREPRESENTATION**

**JURY TRIAL DEMANDED**

Now comes Plaintiff Thomas Souran, ("Souran") for his complaint against Amato Auto Group, Inc., ("AF") and Jammie Lubar ("Lubar") and alleges as follows:

## PARTIES

1. Thomas C Souran can be served at 1500 11th Ave, #46, Union Grove, Wisconsin 53182.

2. Amato Auto operates a Ford Dealership at 1015 Main St, Mukwonago, WI 53149 with a registered Agent Philip J Remmers, 1801 E Racine Avenue, Ste 200, P.O. Box 558, Waukesha, WI 5187.

## JURISDICTION

3 Souran is a resident of Wisconsin.

VIOLATION FLSAFRAUDULANT MISREPRESENTATIONJURY TRIAL DEMANDED - 1

4. Amato Ford is Business and incorporated in Wisconsin, with its principal place of business in Wisconsin, making it a citizen of Wisconsin pursuant to 28 U.S.C. § 1332(c)(1)

5. Lubar works as General Manager for Amato Ford in Wisconsin.

6. Substantial activities occurred within Wisconsin, that committed tortious acts and/or omissions, frauds occurred in Wisconsin, and entered into promises to perform services in Wisconsin. Therefore, this court has personal jurisdiction over this defendant pursuant to Wisc. Stat. 801.05, subparagraphs (1)(c), (1)(d), (3), and (5).

7. The federal statute, 28 U.S.C. § 1331, the law that gives federal courts the power to decide cases involving the violation of federal law.

## VENUE

8. The Plaintiff suffered great harm in this district when he was not paid for the work he did and a substantial part of the events or omissions giving rise to the claims set forth in this complaint occurred in this district. Therefore, this Court has venue pursuant to 28 U.S.C. §1391(b)(2).

## VIOLATION OF FEDERAL LABOR STANDARDS ACT ("FLSA)

9. The FLSA requires that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce...not less than—$7.25 an hour." 29 U.S.C. § 206(a)(1)(C).

"The federal minimum wage of $7.25 per hour went into effect on July 24, 2009 and has not been increased since. Accordingly, it was the relevant wage rate for the entire period of Souran's claims."

VIOLATION FLSAFRAUDULANT MISREPRESENTATIONJURY TRIAL DEMANDED - 2

10.. Defendants not paying Souran any money for days he worked violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1964), *as amended* (Supp. V. 1969) (hereinafter cited: F.L.S.A.

## **NATURE OF ACTION**

11.. Souran applied for employment with the Defendants in September 2019.

12.. Souran interviewed with Lubar on or about September 10, 2019. During the interview Lubar offered Souran the position of working in the telemarketing department at the Amato Ford Dealership.

13.. Souran accepted the position at eleven (11) dollars and hour plus incentives. Lubar assured Souran that he could make in excess of Four (4) Thousand Dollars a month.

14.. Souran began employment September 16, 2019. Souran turned down another Automotive Sales position with a guaranteed income plus commission to accept the position with Amato Ford, Inc.

15.. Souran realized after three days that there was very little activity and he would never realize the income level that Lubar promised.

16.. Souran reigned, that afternoon Lubar called Souran on his cell and guaranteed Souran an income of Four (4) Thousand Dollars a month.

17.. Souran went back to work for the Defendants as a regular W-4 employee. Souran's responsibility was solely to answer the internet inquiries and attempt to bring those people into the dealership and then hand it off to one of the four (4) salespeople. Souran's income was the guarantee of the Four (4) thousand dollars.

18. Lubar told Souran that he was going to sell cars and not work the telemarketing (internet) any longer.

VIOLATION FLSAFRAUDULANT MISREPRESENTATIONJURY TRIAL DEMANDED - 3

19. On Wednesday September 25, 2019 Souran texted Luba and asked Luba if he was going to be on straight commission. Lubar confirmed that he was.

20. Souran resigned after that.

21. Lubar then sent a text stating that Lubar offered Souran "A draw versus commission", which is a lie. Lubar went on with the text that Souran "needed to trust him until the end of the month because he had much bigger plans that Souran had just needed to trust him." This is all a lie.

22. Defendants have a pay cycle biweekly. Souran started at the beginning of the pay week. Souran filled out all the necessary employee paperwork.

23. The pay cycle ended on September 20, 2019 and pay date for that pay cycle was September 27, 2019. Souran should have been paid for seven (7) days and Souran never received a payment.

24. As of the day of this filing Souran is owed one week plus two (2) days or Twelve (12) Hundred Dollars plus additional costs because Souran was not paid.

25. On September 26, 2019 Lubar texted Souran and stated the reason that Souran did not get paid was because he was between pay role periods. This again is a lie by Lubar.

26. Souran is seeking punitive damages under the Fair Labor Standards Act, <u>29 U.S.C. § 201</u> *et seq.* (1964), *as amended* (Supp. V. 1969) (hereinafter cited: F.L.S.A. §). Souran states he was not paid any monies for the time worked as required by this federal statute.

27. The Defendant's failure to pay Souran have put a very difficult and stressful situation on Souran as well as additional financial strain and costs on Souran.

VIOLATION FLSAFRAUDULANT MISREPRESENTATIONJURY TRIAL DEMANDED - 4

# CLAIM FOR RELIEF

## FIRST CLAIM (Theft-By-Fraud: Fraudulent Misrepresentation in Violation of Wis. Stat. §§ 895.446 and 943.20(1)(d))

28. Souran restates and incorporates paragraphs 1 through 27 as originally pled.

29. Souran meeting with Lubar, a representative of Amato Ford, for a sales position then being offered a telemarketing position with a guarantee minimum.

30. Lubar then calling Souran and offering a guarantee of Four (4) thousand a month.

31. Souran was entitled to be paid and Lubar and Amato Ford never paid Souran constitutes Fraudulent Misrepresentation.

## SECOND CLAIM FOR RELIEF

## BREACH OF CONTRACT

32. Souran restates and incorporates paragraphs 1 through 31 as originally pled.

33. When Lubar told Souran first he would be paid eleven (11) dollars and hour then subsequently verbally establishing a contract with Souran that he was guaranteed Four (4) thousand dollars a month. When Lubar and Amato Ford never paid Souran they Breached their verbal contract.

## PRAYER FOR RELEIF

Accordingly, Plaintiff request a judgement against the Defendants and in favor pf the Plaintiff for.

A. Actual damages to be proven at trial of all actual damages, and;

B. Consequential damages;

VIOLATION FLSAFRAUDULANT MISREPRESENTATIONJURY TRIAL DEMANDED - 5

C. All costs of investigation and litigation, including attorney's fees and costs and the value of the time spent by Souran litigating this matter, pursuant to Wis. Stat. § 895.446;

D. Exemplary damages in the amount of three times Souran's actual damages, pursuant to Wis. Stat. § 895.446; and

E. Such further relief as the Court deems just and reasonable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury

Dated this 01 day of October 2019.

_____
Thomas C. Souran

VIOLATION FLSAFRAUDULANT MISREPRESENTATIONJURY TRIAL DEMANDED - 6